UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

------------------------------------------------------------x

HESHMAT RAFINIA,

2015 NOV -4 PM 12: 26

Docket No.:

NOTICE OF REMOVAL

Plaintiff,

U.S. DISTRICT COURT
OF NEW YORK

-against-

CV 15        6322

NATIONAL AMUSEMENTS, INC. and
SUNRISE MULTIPLEX CINEMAS,

AZRACK, J.

Defendants.

BROWN, M. J.

------------------------------------------------------------x

Petitioner-Defendant, NATIONAL AMUSEMENTS, INC. ("NAI") by its attorneys, THE

LAW OFFICES OF JOHN W. MANNING, P.C., files this Notice of Removal, and respectfully

states as follows:

1.       The Plaintiff, upon information and belief, is a citizen of the State of New York and

resides in the County of Queens, at 118-18 Union Turnpike, Kew Gardens, New York 11415.

2.       The Defendant, NAI, is a corporation duly organized and existing under and by virtue

of the laws of the State of Maryland, with its principal place of business in Dedham, Massachusetts.

3.       The Defendant, SUNRISE MULTIPLEX CINEMAS, has not answered the

Complaint, or otherwise appeared in this action, and, upon information and belief, is not a

cognizable legal entity.

4.       On or about December 9, 2014, Plaintiff served a Summons and Complaint on

Defendant, NAI, which had been filed in the Supreme Court of the State of New York, Queens

County, under Index No. 16776/14, entitled *Heshmat Rafinia v. National Amusements, Inc.. and*

*Sunrise Multiplex Cinemas.*

5.      In the Complaint, the Plaintiff alleges that she was caused to trip and fall due to the negligence of NAI, and that she sustained permanent injuries. She demands judgment "in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction."

6.      On February 16, 2015, Defendant served upon Plaintiff a Request for Supplemental Demand. A Preliminary Conference Order, dated 5/15/15, directed the Plaintiff to respond thereto on or before 6/5/15, but she did not do so. Defendant reiterated its request by letter dated July 30, 2015, but again received no response.

7.      In a telephone conversation on October 23, 2015, Plaintiff made an oral settlement demand of $100,000.

8.      This Notice of Removal thus is being filed within thirty (30) days after receipt of the first notice in the state court action from which it could be ascertained that the case is removable, as required by 28 U.S.C. §1446 (b). Further, Defendant NAI presents this Notice of Removal without waiving any of its defenses that may exist.

9.      Pursuant to 28 U.S.C. §1446(a), the following documents are submitted herewith: (1) true and correct copies of all process, pleadings, and orders served upon Defendant [the Summons and Complaint, Bill of Particulars, and Response to Demands for Discovery and Inspection (*sans* attachments) have been served thus far] are attached as Exhibit A; (2) a list of all counsel of record, including addresses, telephone numbers, and parties represented, is attached as Exhibit B; and (3) a copy of the Notice of Filing of Notice of Removal to be filed with the Supreme Court of the State of New York, County of Queens, is attached as Exhibit C.

10.     The above-entitled action is a civil action of which this Court has original jurisdiction

- 2 -

under the provisions of 28 U.S.C. § 1332 (a) (1) and is one that may be removed to this Court by Petitioner-Defendant herein, as this action is between citizens of different states and the matter in controversy exceeds the sum of $75,000.

11.     This action is properly removed to the United States District Court for the Eastern District of New York as that is the proper venue for this action because the state court action was filed by the Plaintiff in the Supreme Court of the State of New York, in and for the County of Queens.

12.     Defendant NAI consents to the removal of this action to the United States District Court for the Eastern District of New York.

13.     Promptly after filing this Notice of Removal, the undersigned, on behalf of Defendant NAI, shall give written notice thereof to all parties, and shall file a copy of the Notice of Removal with the Clerk of the New York State Supreme Court, in and for the County of Queens.

**WHEREFORE,** Petitioner prays that the above-entitled action now pending against it in the Supreme Court of the State of New York, in and for the County of Queens, be removed therefrom to the United States District Court for the Eastern District of New York.

Dated: Tarrytown, New York
          November 3, 2015

                                   THE LAW OFFICES OF JOHN W. MANNING, P.C.


                                   By: _____
                                      **JOHN W. MANNING (JWM 7861)**
                                   Attorneys for Petitioner-Defendant
                                   NATIONAL AMUSEMENTS, INC.
                                   120 White Plains Road, Suite 100
                                   Tarrytown, New York 10591
                                   (914) 524-7550

- 3 -

TO:   SIMON & GILMAN, LLP
        Attorneys for Plaintiff
        91-31 Queens Blvd. – Suite 411
        Elmhurst, New York 11373
        (718) 459-6200

**EXHIBIT  A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

----------------------------------------------------------X

HESHMAT RAFINIA,

Plaintiff,

- against -

NATIONAL AMUSEMENTS, INC. and
SUNRISE MULTIPLEX CINEMAS,

Defendants.

----------------------------------------------------------X

Index No. _16776/14_

Purchased: _11/18/14_

Plaintiff designates Queens
County as the place of trial.

The basis of venue is
Plaintiff's residence.

**SUMMONS**

Plaintiff resides at
118-18 Union Turnpike
Kew Gardens, NY 11415

To the Above-Named Defendants:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to

serve a copy of your Answer or, if the Complaint is not served within this Summons, to

serve a Notice of Appearance on the Plaintiff's attorneys within twenty (20) days after

the service of this Summons, exclusive of the day of service (or within thirty [30] days

after the service is complete if this Summons is not personally delivered to you within

the State of New York); and in case of your failure to appear or answer, judgment will

be taken against you by default for the relief demanded in the Complaint.

DATED: October 22, 2014

SIMON & GILMAN, LLP
Attorneys for Plaintiff
91-31 Queens Blvd. – Suite 411
Elmhurst, NY 11373
(718) 459-6200

TO:  National Amusements, Inc.
% Secretary of State
Albany, New York

Sunrise Multiplex Cinemas
750 W. Sunrise Highway
Valley Stream, NY 11581



RECEIVED

NOV 18 2014

COUNTY CLERK
QUEENS COUNTY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
HESHMAT RAFINIA,

                    Plaintiff,

      - against -

NATIONAL AMUSEMENTS, INC. and
SUNRISE MULTIPLEX CINEMAS,

                Defendants.
-------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No. _16776/14_

      Plaintiff HESHMAT RAFINIA, by her attorneys SIMON & GILMAN, LLP,

complaining of Defendants NATIONAL AMUSEMENTS, INC. (hereinafter referred to

as "NATIONAL") and SUNRISE MULTIPLEX CINEMAS (hereinafter referred to as

"SUNRISE"), respectfully states to this Court and alleges the following:

      1.     That at all times hereinafter mentioned, Plaintiff was and remains a

resida            ity of Queens, City and State of New York.

      2.     That upon information and belief, and at all times mentioned herein,

Defendant NATIONAL was and is a domestic corporation, organized under and

existing pursuant to the laws of the State of New York.

      3.     That upon information and belief, and at all times mentioned herein,

Defendant NATIONAL was and is a foreign corporation authorized to do business in

the State of New York.

      4.     That upon information and belief, and at all times mentioned herein,

Defendant NATIONAL was and still is a business entity transacting business in the

State of New York.

1

5.     That upon information and belief, and at all times hereinafter mentioned, Defendant NATIONAL was and still is the owner of certain lands and premises known as Sunrise Multiplex Cinemas, 750 West Sunrise Highway, in the County of Nassau, State of New York, including the parking areas located thereat.

6.     That upon information and belief, and at all times hereinafter mentioned, Defendant NATIONAL was is in possession of the subject lands and premises, including the parking areas located thereat.

7.     That upon information and belief, and at all times hereinafter mentioned, Defendant NATIONAL was and still is in control of the aforesaid lands and premises, including the parking areas located thereat.

8.     That upon information and belief, and at all times hereinafter mentioned, Defendant NATIONAL maintained the aforesaid land and premises, including the parking areas located thereat.

9.     That upon information and belief, and at all times hereinafter mentioned, Defendant NATIONAL managed the aforesaid land and premises, including the parking areas located thereat.

10.     That upon information and belief, and at all times mentioned herein, Defendant SUNRISE was and is a domestic corporation, organized under and existing pursuant to the laws of the State of New York.

11.     That upon information and belief, and at all times mentioned herein, Defendant SUNRISE was and is a foreign corporation authorized to do business in the State of New York.

2

12.     That upon information and belief, and at all times mentioned herein, Defendant SUNRISE was and still is a business entity transacting business in the State of New York.

13.     That upon information and belief, and at all times hereinafter mentioned, Defendant SUNRISE was and still is the owner of certain lands and premises known as Sunrise Multiplex Cinemas, 750 West Sunrise Highway, in the County of Nassau, State of New York, including the parking areas located thereat.

14.     That upon information and belief, and at all times hereinafter mentioned, Defendant SUNRISE was is in possession of the subject lands and premises, including the parking areas located thereat.

15.     That upon information and belief, and at all times hereinafter mentioned, Defendant SUNRISE was and still is in control of the aforesaid lands and premises, including the parking areas located thereat.

16.     That upon information and belief, and at all times hereinafter mentioned, Defendant SUNRISE maintained the aforesaid land and premises, including the parking areas located thereat.

17.     That upon information and belief, and at all times hereinafter mentioned, Defendant SUNRISE managed the aforesaid land and premises, including the parking areas located thereat.

18.     That on or about June 15, 2014, while Plaintiff was lawfully traversing the parking area located on the aforementioned lands and premises, and using due care for her safety, she was caused to trip and fall, thus being violently thrown to the ground, thereby causing her to sustain the injuries as alleged herein.

3

19.     That on or about June 15, 2014, and for a long period of time prior thereto, Defendants held out to the public that the aforementioned lands and premises, including the parking areas located thereat, could be used safely by persons lawfully thereon, including Plaintiff herein.

20.     That for a long period of time prior to June 15, 2014, Defendants, in derogation of their respective duties, caused, permitted, and/or allowed the aforementioned condition to exist, thus creating a dangerous, defective, and trap-like condition to those individuals lawfully using same, including Plaintiff herein.

21.     That upon information and belief, prior to June 15, 2014, Defendants had knowledge of the unsafe and dangerous condition of said parking lot or that same had existed for so long a period of time that Defendants should have informed themselves of said condition in time to have made the aforementioned parking lot safe before the occurrence of the accident alleged herein.

22.     That on the aforesaid date at the aforesaid location, Defendants, by their agents, servants, and/or employees, caused Plaintiff to be injured in the aforesaid parking lot.

23.     That said accident and injuries resulting to Plaintiff therefrom were caused solely and wholly by reason of the negligence of Defendants, their agents, servants, and/or employees with no negligence on the part of the Plaintiff contributing thereto.

24.     That solely by reason of the aforesaid, Plaintiff has sustained and suffered certain, severe, and permanent personal injuries to her body and limbs, and a severe shock to her nervous system, and that said injuries are, in part, of a permanent

nature, causing Plaintiff to become sick, sore, lame, and disabled for a long period of time after said accident.

25.     That by reason of the premises hereinabove set forth, Plaintiff has suffered severe pain and mental anguish, and has been compelled to submit to medical care and treatment thereby preventing her from attending to her usual duties and daily activities, in all to her damage.

26.     The amount of damages sought in this Complaint exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, Plaintiff HESHMAT RAFINIA hereby demands judgment against Defendants NATIONAL AMUSEMENTS, INC. and SUNRISE MULTIPLEX CINEMAS in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction, said amount to be determined at the trial of this matter, together with the costs and disbursements of this action.

DATED:        October 22, 2014
              Elmhurst, New York

                                        Yours, etc.,

                                        SIMON & GILMAN, LLP
                                        By Keith A. Gilman, Esq.
                                        Attorneys for Plaintiff
                                        91-31 Queens Blvd. - Suite 411
                                        Elmhurst, NY  11373
                                        (718) 459-6200

5

©1995 Blumberg Excelsior, Inc.

STATE OF NEW YORK, COUNTY OF _____ ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney** certify that the within

☐ **Attorney's Affirmation** has been compared by me with the original and found to be a true and complete copy.

state that I am

the attorney(s) of record for _____ in the within

action; I have read the foregoing _____ and know the contents thereof;

the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: _____

.................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF  QUEENS _____ ss.:

I, the undersigned, being duly sworn, depose and say: I am  the Plaintiff

☒ **Individual Verification** in the action; I have read the foregoing  Complaint

and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** the _____ of _____

a _____ corporation and a party in the within action; I have read the foregoing and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on 11-3-14

KEITH GILMAN
Notary Public, State of New York
No. 02GI6004339
Qualified in Nassau County
Commission Expires 5-8-18

HESHMAT RAFINIA
The name signed must be printed beneath
Heshmat Rafinia

STATE OF NEW YORK, COUNTY OF _____ ss.:          (If more than one box is check -- indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On _____   I served the within

☐ **Service By Mail** } by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual** } by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as a *party therein*:

☐ **Service by Electronic Means** } by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ **Overnight Delivery Service** } by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

SIMON & GILMAN, LLP

Index No.                    Year

SUPREME COURT STATE OF NEW YORK
COUNTY OF QUEENS

HESHMAT RAFINIA,

Plaintiff,

– against –

NATIONAL AMUSEMENTS, INC. and
SUNRISE MULTIPLEX CINEMAS,

Defendants.

SUMMONS AND VERIFIED COMPLAINT

SIMON & GILMAN, LLP
Attorneys for   Plaintiff
Office and Post Office Address, Telephone
91-31 Queens Boulevard – Suite 411
Elmhurst, NY 11373
(718) 459-6200

To

Attorney(s) for
Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

Signature (Rule 130-1.1-a)

Print name beneath
Keith A. Gilman, Esq.

NOTICE OF ENTRY

PLEASE take notice that the within is a (certified)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.

SIMON & GILMAN, LLP
Attorneys for
Office and Post Office Address
91-31 Queens Boulevard – Suite 411
Elmhurst, NY 11373

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at

at                M.
Dated,

on

Yours, etc.

SIMON & GILMAN, LLP
Attorneys for
Office and Post Office Address
91-31 Queens Boulevard – Suite 411
Elmhurst, NY 11373

To

Attorney(s) for

1800 – Blumberg Excelsior Inc., NYC 10013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------X

HESHMAT RAFINIA,

                    Plaintiff,

    -against-

NATIONAL AMUSEMENTS, INC. and
SUNRISE MULTIPLEX CINEMAS,

                      Defendants.

-----------------------------------------------------------------X

**VERIFIED**
**BILL OF**
**PARTICULARS**

Index No.: 16776/14

       Plaintiff, by her attorneys Simon & Gilman, LLP, in response to defendant's (NATIONAL AMUSEMENTS, INC.) demand for a Verified Bill of Particulars hereby states:

1.    Plaintiff's name is Heshmat Rafinia and resides at 118-18 Union Turnpike, Apt. #15A, Kew Gardens, NY 11415.

2.    Plaintiff's date of birth is November 13, 1930.

3.    Plaintiff's social security number is 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.

4.    The accident occurred on June 15, 2014.

5.    The accident occurred at approximately 2:30 PM.

6.    The accident occurred on the premises known as Sunrise Multiplex Cinemas, located at 750 West Sunrise Highway, in the County of Nassau, State of New York.

7.    Plaintiff tripped and fell on a defect in the parking lot where a flea market was being held.

8.    The defendant, National Amusements, Inc. was negligent, careless and reckless through their agents, servants and/or employees in the ownership, operation, maintenance and control of the parking lot area located on the aforementioned land and premises; in causing, permitting, allowing and suffering the area to be, become, and remain in a dangerous condition by allowing a dangerous, defective and trap-like condition to remain in a heavily trafficked area, which constitutes a hazard; in failing to repair the defect resulting in the existence of a tripping hazard; in failing to provide adequate supervision in the aforesaid area; in failing to take the remedial measures necessary to prevent or avoid the plaintiff from falling; in allowing the hazard to remain for an unreasonable length of time and to remain thereat after having notice of its existence, so as to be unsafe and dangerous for persons lawfully thereon; in failing to adequately protect the plaintiff from said dangerous condition; in failing to warn the plaintiff herein that there existed a dangerous,

defective, and hazardous condition; in failing to provide plaintiff with an alternative and safe means of traversing said area; in failing to take any and all necessary and proper means and precautions to avoid the incident; in failing to keep plaintiff free from injury notwithstanding the fact that their agents, servants, and/or employees knew of, observed, permitted, allowed, caused, and/or created a dangerous and hazardous condition to which persons may be exposed, and to plaintiff in particular.

9.  <u>See</u> Response #8 above.

10. Actual notice is claimed by virtue of the fact that the defendant caused, created, allowed and/or permitted the dangerous condition(s) which resulted in the plaintiff's injuries.

11. Constructive notice is claimed by virtue of the fact that the dangerous condition(s) existed for an unreasonable length of time prior to the happening of the plaintiff's accident and the defendant, in the exercise of reasonable care, supervision, inspection and control knew or should have known of the existence of said dangerous conditions and taken adequate and proper steps to render said conditions safe.

12. Plaintiff sustained the following known injuries:

- **DISTAL RADIAL FRACTURE, RIGHT WRIST REQUIRING LONG ARM CAST**
- **RIGHT WRIST SPRAIN/STRAIN**
- **INTERNAL DERANGEMENT, RIGHT WRIST**
- **DECREASED RANGE OF MOTION, RIGHT WRIST**
- **WEAKNESS IN RIGHT ELBOW/RIGHT WRIST/RIGHT HAND**

- **NASAL FRACTURE**
- **SWELLING OF NOSE**

- **RIGHT WRIST PAIN/STIFFNESS**
- **NOSE PAIN**

- **DIFFICULTY GRABBING OBJECTS**
- **DIFFICULTY CARRYING OBJECTS**
- **DIFFICULTY MOVING AND HANDLING OBJECTS**
- **DIFFICULTY PERFORMING ROUTINE HYGIENE**
- **DIFFICULTY SLEEPING**

The aforementioned injuries directly affected the skin, bones, tissues, tendons, nerves, muscles, blood vessels, and ligaments of the injured parts,   produced symptomatic and radiating pains in and about the affected areas, caused organic and functional disturbances, soft tissue damage, arthritic changes, and nerve pressure.

Upon information and belief, all of the aforementioned injuries and their effects, as hereinabove referred to and described, are permanent in their nature and duration, except those of a superficial nature, and may grow progressively worse in their effects, residuals, results, symptoms and extent.

Plaintiff reserves the right to amend and/or add injuries to the above list if and when such injuries are diagnosed.

13. Not applicable regarding loss of earning as plaintiff is retired.

14. Not applicable as plaintiff was not a student at the time of the accident.

15-16. With respect to "confinement", plaintiff objects to this demand as it is vague insofar as the word "confined" is not clearly defined.

17. Plaintiff was treating at the following hospital:

Franklin Hospital
900 Franklin Avenue
Valley Stream, NY 11580

Plaintiff was treated by the following providers:

Mehran Manouel, M.D.
Able Orthopedic & Sports Medicine, P.C.
76-55 Austin Street.
Forest Hills, NY 11375

New York Medical & Diagnostic
80-46 Kew Gardens Road
Kew Gardens, NY  11415-1154

18. Plaintiff incurred the following known special damages:

| | | |
|---|---|---|
| (a) Hospital services | - | $1,500.00* |
| (b) Physicians services | - | $2,500.00* |
| (c) Nurses' services | - | Included in "a" above |
| (d) Medicines | - | Unknown |
| (e) Each projected and anticipated item of future expense | - | None |
| (f) Other | - | Unknown |

*Approximate and/or continuing

The above items represent special damages known to Plaintiff at this time. Plaintiff reserves the right to amend and/or add to these amounts if, and/or when further special damages are incurred or become known.

19.     Plaintiff is not aware of any statutes, laws or rules that have been violated by the defendant, but reserves the right to add any such violations if and/or when they become known.

20.     Defendant violated any accepted practices, customs and standards insofar as it did not maintain the location where plaintiff's accident occurred in a reasonably safe condition.

21.     Joint and several liability does not apply insofar as there is only one defendant herein.

22.     It will be alleged that the negligence of the Defendant aggravated a pre-existing physical condition of the plaintiff in that plaintiff incurred a fracture of her right wrist eighteen years ago.

23.     The defective condition consisted of a broken, cracked, raised and/or depressed area of asphalt.


**PLEASE TAKE NOTICE**, that plaintiff reserves the right to supplement the above responses during discovery up to a sufficient time prior to and including the trial of this action.

Dated: Elmhurst, New York
       April    9   , 2015


                                        Yours, etc.
                                        SIMON & GILMAN, LLP


                              By:       KEITH A. GILMAN, ESQ.
                                        Attorneys for Plaintiff
                                        **HESHMAT RAFINIA**
                                        Office and P.O. Box
                                        91-31 Queens Blvd., Suite 411
                                        Elmhurst, New York   11373
                                        (718) 459-6200
                                        File No.:  14-196K


TO:     THE LAW OFFICES OF JOHN W. MANNING, P.C.
        Attorneys for Defendant
        **NATIONAL AMUSEMENTS, INC.**
        Office and P.O. Box
        120 White Plains Road, Suite 100
        Tarrytown, NY  10591
        (914) 524-7550

I, HESHMAT RAFINIA, being duly sworn, depose and say; I am the plaintiff

[ X ]   **Individual Verification**  in the within action; I have read the foregoing    VERIFIED BILL OF PARTICULARS
and know the contents thereof; the same is true to my own knowledge, except as to the
matters therein stated to be alleged on information and belief, and as to those matters I believe
it to be true.

[ ]   **Corporate Verification**  the                              of
a                      corporation and a party in the within action; I have read the foregoing
and know the contents thereof; and the same is true to my own knowledge, except as to the
matters therein stated to be alleged upon information and belief, and as to those matters I believe
it to be true. This verification is made by me because the above party is a corporation and I am an
officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

*HESHMAT RAFINIA*

_____
**HESHMAT RAFINIA**

Sworn to before me on this

___9___ day of _APRIL_ , 2015

_____
NOTARY PUBLIC

KEITH GILMAN
Notary Public, State of New York
No. 02GI6004339
Qualified in Naasau County
Commission Expires ~~MARCH 20XX~~ 5-8-18

**Notary Stamp**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
HESHMAT RAFINIA,

                        Plaintiff,

            - against -

NATIONAL AMUSEMENTS, INC. and
SUNRISE MULTIPLEX CINEMAS,

                      Defendants.
-----------------------------------------------------------------X

**RESPONSE TO DEMANDS
FOR DISCOVERY AND
INSPECTION**

Index No. 16776/14

       Plaintiff HESHMAT RAFINIA, by her attorneys SIMON & GILMAN, LLP, hereby

responds to Defendant's Demands for Discovery & Inspection as follows:

       1.    <u>PHOTOGRAPHS</u>: Attached hereto are color copies of photographs

pertaining to the accident on June 15, 2014.

       2.    <u>ADVERSE PARTY STATEMENTS</u>: Plaintiff is not in possession of any

adverse party statements.

       3.    <u>WITNESSES</u>: The only witness to the accident is Plaintiff's daughter,

Hengameh Rafinia, 118-18 Union Turnpike, Kew Gardens, New York 11415.

       4.    <u>EXPERT WITNESSES</u>: Plaintiff reserves the right to call treating

physician Dr. Mehran Manouel as a medical expert at trial.

          a)    <u>Qualifications</u>.  Dr. Mehran Manouel will be a licensed health care

provider in the State of New York, specializing in Orthopedic Surgery.

          b)    <u>Subject & Matter</u>.  Dr. Mehran Manouel is expected to testify as to

the injuries and medical conditions of Plaintiff with regard to said accident.

          c)    <u>Grounds</u>.  Dr. Mehran Manouel is expected to testify based upon

his continuing treatment of Plaintiff.

1

d)   <u>Fact and Opinions</u>.  Dr. Mehran Manouel is expected to testify as to the medical history of Plaintiff, Plaintiff's diagnosis and prognosis, the duration of Plaintiff's injuries and the causal connection between the Plaintiff's accident and subsequent injuries.

5.   <u>MEDICAL RECORDS</u>:  Attached hereto are copies of all medical records in Plaintiff's possession.

6.   <u>MEDICAL AUTHORIZATIONS</u>: Attached hereto are duly-executed medical record/diagnostic film authorizations to the following:

Franklin Hospital
900 Franklin Hospital
Valley Stream, NY  11580

New York Medical & Diagnostic Center
80-45 Kew Gardens Road
Kew Gardens, NY  11415-1154

Dr. Mehran Manouel
Able Orthopedics & Sports Medicine
76-55 Austin Street
Forest Hills, NY  11375

7.   <u>EMPLOYMENT RECORD/WAGE/ATTENDANCE/W-2 AUTHORIZATION</u>: Not applicable.  Plaintiff was not working at the time of the accident.

8.   <u>SCHOOL RECORD AUTHORIZATION</u>: Not applicable.  Plaintiff was not attending school at the time of the accident.

9.   <u>COLLATERAL SOURCE AUTHORIZATION</u>: Duly-signed Medicare and Medicaid authorizations will be provided under separate cover to:

2

Medicare BCC
Written Authorization Dept.
P.O. Box 1270
Lawrence, KS  66044
Medicare No. 114722939M
CIN: 20150 83090 00993

NYS Dept. of Health
Office of Health Insurance Programs
Division of Systems – Bureau of Data Warehouse
Data Access Unit
800 North Pearl Street – Room 322
Albany, NY  12204

PLEASE TAKE NOTICE that Plaintiff reserves the right to supplement the

above responses during discovery up to a sufficient time prior to and including the trial

of this action.

DATED:        May 18, 2015
              Elmhurst, New York

Yours, etc.

SIMON & GILMAN, LLP

By: Keith A. Gilman, Esq.
Attorneys for Plaintiff
91-31 Queens Blvd. - Suite 411
Elmhurst, NY  11373
(718) 459-6200

TO:    The Law Offices of John W. Manning, P.C.
       Attorneys for Defendants
       120 White Plains Road – Suite 100
       Tarrytown, NY  10591
       (914) 524-7550

3

**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HESHMAT RAFINIA,                                              Docket No.:

                                   Plaintiff,          **LIST OF COUNSEL**

              -against-

NATIONAL AMUSEMENTS, INC. and
SUNRISE MULTIPLEX CINEMAS,

                                   Defendants.
-----------------------------------------------------------x


        **PLEASE TAKE NOTICE,** that upon information and belief, Defendant is aware of the

following as counsel for the parties in the above-captioned action:

        Attorneys for Plaintiff:

        SIMON & GILMAN, LLP
        Attorneys for Plaintiff
        91-31 Queens Blvd. – Suite 411
        Elmhurst, New York 11373
        (718) 459-6200

        Attorneys for Petitioner-Defendant:

        THE LAW OFFICES OF JOHN W. MANNING, P.C.
        Attorneys for Petitioner-Defendant,
        NATIONAL AMUSEMENTS, INC.
        120 White Plains Road, Suite 100
        Tarrytown, New York 10591
        (914) 524-7550

**EXHIBIT C**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

HESHMAT RAFINIA,

Docket No.  16776/14

Plaintiff,

-against-

**NOTICE OF FILING**
**NOTICE OF REMOVAL**

NATIONAL AMUSEMENTS, INC. and
SUNRISE MULTIPLEX CINEMAS,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**PLEASE TAKE NOTICE,** that Defendant NATIONAL AMUSEMENTS, INC. has filed a

Notice of Removal, a copy of which is annexed, with the Clerk of the Court for the United States

District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§1441, 1446.

Dated: Tarrytown, New York
        November 3, 2015

THE LAW OFFICES OF JOHN W. MANNING, P.C.

By: _____
        **JOHN W. MANNING**
    Attorneys for Defendant
    NATIONAL AMUSEMENTS, INC.
    d/b/a SUNRISE MULTIPLEX CINEMAS
    120 White Plains Road, Suite 100
    Tarrytown, New York 10591
    (914) 524-7550

TO:   SIMON & GILMAN, LLP
      Attorneys for Plaintiff
      91-31 Queens Blvd. – Suite 411
      Elmhurst, New York 11373
      (718) 459-6200